Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| KATHERIN ROMÁN; ERNESTO J. ROMÁN<br><br>Peticionaria<br><br>V.<br><br>HON. JANET PARRA MERCADO; EN SU CARÁCTER OFICIAL COMO DESIGNADA SECRETARIA DEL DEPARTAMENTO DE JUSTICIA Y OTROS<br><br>Recurrida | KLRX202500001 | *Mandamus* procedente del Departamento de Justicia<br><br>Caso Núm. AC-2024-08-F<br><br>Sobre: QUEJA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de marzo de 2025.

El 15 de enero del año en curso la señora Katherin Román y el señor Ernesto J. Román, en adelante los peticionarios, presentaron un recurso de Mandamus ante este foro. La petición propone, en apretada síntesis, compeler a la Secretaria nominada del Departamento de Justicia, licenciada Janet Parra Mercado, la Fiscal Auxiliar II, licenciada Rocío Gracias Rivera, la Fiscal de Distrito de Caguas, licenciada Arlene Gardón Rivera, el designado secretario del Departamento de Seguridad Publica Arturo Garfer y el agente Ángel L. Ramos Torres en su carácter oficial como agente de la Policía de Puerto Rico para que presenten una acusación contra la empresa Medina Auto y otros. Los hechos que motivan esta petición se detallan a continuación.

---

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-013 efectivo el 6 de febrero de 2025.

II

La parte peticionaria adquirió un vehículo de motor el 8 de agosto de 2022, en el concesionario Medina Auto. Como parte de la compra entregó un vehículo de su propiedad en "trade in". Alega la parte peticionaria que durante la transacción no se encontraba presente un notario para formalizar el traspaso de titularidad el título del vehículo de motor, mucho menos se firmó el documento delante de un notario ni se entregó la identificación. Es decir, que la parte peticionaria suscribió un formulario de traspaso de título que no fue notarizado en su presencia.

Inconforme con tal proceder la parte peticionaria presento la querella número 2023-6-013-020186 ante la Policía de Puerto Rico. La investigación de la misma alega fue asignada al agente Ángel L. Ramos Torres, placa número 35205, en lo sucesivo agente Ramos Torres. Sostiene la parte peticionaria que luego de múltiples gestiones presenciales y llamadas telefónicas para que la Policía de Puerto Rico iniciará la investigación se acordó una cita para el 25 de abril de 2024 con el agente Ramos Torres en la que detalló lo antes expresado. Este quedo en solicitar el expediente a Medina Auto como parte de la investigación.

Así las cosas, el 18 de junio de 2024 el agente Ramos Torres le comunicó que como resultado de la investigación concluía que no se había cometido delito alguno. Ante el cuestionamiento de la parte peticionaria sobre el contenido de los documentos el agente Ramos Torres alegadamente indicó que tenía en su poder el título de propiedad del vehículo entregado en "trade in" formalizado por el notario sin brindarle a la parte peticionaria el nombre del notario. A insistencia de los peticionarios, el 6 de septiembre de 2024 el agente Ramos Torres les comunicó que había consultado el caso con la fiscal Rocío Gracia Rivera, y esta coincidía con su apreciación legal a los efectos de que no se había cometido delito. El agente le orientó que de persistir su

inconformidad se comunicara con la fiscal Gracia Rivera, cosa que la parte peticionaria realizó.

Sostiene la parte peticionaria que durante la reunión la fiscal Gracia Rivera se mostró evasiva a hablar sobre los méritos del caso, estaba renuente a encausar un notario y trivializo el asunto alegando que esa era la manera en que usualmente se hacían los traspasos en los concesionarios de autos. La parte peticionaria afirma que le orientó a que radicara una reclamación civil o una queja contra el notario de entenderlo pertinente. Señala que, en una reunión posterior, sobre el mismo asunto, la fiscal Gracia Rivera y la fiscal de distrito Gardón Rivera alegaron que no era delito el hecho que un notario diera la fe pública en la juramentación del título de propiedad de un vehículo de motor sin la presencia de las partes y sin haberlas identificado. Inclusive dieron por válida y legal dicha práctica indicando que ellas lo hacían, los fiscales lo hacían, los jueces lo hacían y todo el mundo lo hacía así. La parte peticionaria indica en su escrito que aun inconforme con dicha conclusión le indicó a las fiscales que había casos del Tribunal Supremo de Puerto Rico que sostenían que, el notario que da fe de un hecho falso y no están presentes las partes en el momento de la juramentación en el título del vehículo de motor infringe la ley notarial, el reglamento notarial y los cánones de ética judicial. Este alegado trato indiferente y burlón fue percibido por la parte peticionaria como una falta de respeto, razón por la cual, el 12 de noviembre de 2024 presentó una queja en contra de las fiscales Gracia Rivera y Gardón Rivera ante el Departamento de Justicia solicitando se iniciara una investigación en su contra y se cumpliera con la ley. El 19 de diciembre de 2024 la parte peticionaria recibió una carta del Departamento de Justicia firmada por el Lcdo. Christian Alexis Castro Plaza en donde se ordena el archivo de la queja sin trámite ulterior. Aun inconforme presenta el recurso que nos ocupa en el cual nos suplica que ordenemos a la designada secretaria del Departamento de

Justicia y al designado secretario del Departamento de Seguridad Publica cumplir con todos los deberes que sus cargos les imponen en el procesamiento de todos los implicados en los delitos alegadamente cometidos. Estos son; los Artículos 202, 211, 212, 216 y 217, 244 y 280 y 285 de la Ley Núm. 146-2012.

En resumen, para la parte peticionaria; el notario y los empleados de Medina Auto cometieron varios delitos cuando permitieron que se presentara ante el Centro de Servicios al Conductor del Departamento de Transportación y Obras Públicas lo que a su entender es información falsa. No porque la parte peticionaria no haya firmado los papeles de traspaso sino porque el notario reconoció la firma sin haber estado en su presencia. Es decir que el notario afirmó una falsedad. En cuanto a las fiscales y el agente de la policía los peticionarios entienden que deben ser encausados criminalmente por encubrir la práctica que ellos estiman delictiva de hacer traspasos sin la firma de una de las partes presente y alegadamente ocultar o desaparecer la evidencia que demuestra los alegados actos delictivos de los empleados de Medina Auto. Sostiene que los actos que a su entender son fraudulentos, ilegales y antiéticos cometidos por los empleados de Medina Auto, le han hecho sentir engañada, defraudada, ansiosa, deprimida y angustiada, así como perder la confianza en las instituciones gubernamentales,

En fin, la parte peticionaria presenta el *Mandamus* entendiendo que la secretaria del Departamento de Justicia no debió haber archivado la querella en contra de las fiscales; que las fiscales debieron haber encausado criminalmente al notario y los empleados de Medina Auto que intervinieron en el asunto.

III

El mandamus es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o

deberes del cargo que ocupa. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. Aunque es un remedio en ley, también se le cataloga como un remedio en equidad. *AMPR v Srio. Educación, ELA* 178 DPR 253, 263-264 (2010). La regla 54 de Procedimiento Civil, 32 LPRA Ap. V, define sus contornos, a tal efecto dispone:

El auto de mandamus, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación. Tan pronto sea conveniente, el tribunal celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden.

Este recurso singular solo procede para exigir el cumplimiento de un deber impuesto por ley calificado como ministerial. Un deber ministerial se trata de un mandato específico que no admite ejercicio de discreción en su cumplimiento. Kilometro O, Inc., v. Pesquera Lopez, 207 DPR 200, 214 (2021); *Romero, Valentín v. Cruz, CEE et al.,* 2020 TSPR 143, 205 DPR 972 (2020); *AMPR v. Srio. Educación, E.L.A.,* supra; *Báez Galib y otros v. C.E.E. II,* 152 DPR 382, 392 (2000). Es un deber mandatorio e imperativo. El requisito fundamental para expedir el recurso de mandamus, reside en la constancia de un deber claramente definido que debe ser ejecutado. **La ley no solo debe autorizar la acción requerida, además debe exigirla.** *AMPR v Srio. Educación, ELA*, supra.

Así ha de quedar claro que los deberes discrecionales quedan fuera del ámbito del mandamus. La ejecución de un acto que depende de la discreción o juicio del funcionario, no es un deber ministerial. La disposición que debe ser cumplida para considerarse ministerial, por

la parte demandada, tiene que ser específica y su cumplimiento no debe quedar a su arbitrio. Ahora bien, el deber ministerial, aunque es inherente al auto de mandamus, no tiene que ser necesariamente expreso, explícito. Si el deber surge o no claramente de las disposiciones aplicables, es un asunto que está sujeto a interpretación judicial y no depende de un juicio *a priori* fundado exclusivamente en la letra del estatuto. Tal determinación tiene que surgir del examen y análisis de todos los elementos útiles a la función interpretativa; del examen paciente y riguroso que parte de la letra de la ley; y de la evaluación de todos los elementos de juicio disponibles para descubrir el verdadero significado y propósito de la disposición legal. *AMPR v Srio. Educación, ELA, supra,* págs. 264-265.

La determinación final dependerá de la interpretación del estatuto orgánico de la agencia hecha por los tribunales, respecto al grado de discreción conferido por la Asamblea Legislativa. Ahora bien, el recurso de mandamus no procede para compeler la ejecución de actos ilegales contrarios a la política pública o tendentes a auxiliar un propósito ilegal. *Noriega v. Hernández Colón,* 135 DPR 406, 456 (1994).

Puntualizamos que conforme la naturaleza extraordinaria, el mandamus está disponible únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; Kilometro 0, Inc., v. Pesquera López, supra, pág. 215; *Aponte Rosario et al. v. Pres. CEE II,* 205 DPR 407, 428 (2020).

En cuanto al peso de la prueba en la concesión de o denegación de un auto de mandamus, corresponde al peticionario. *AMPR v. Srio. Educación, ELA, supra,* págs. 269. El peticionario viene obligado a demostrar la existencia de un deber ministerial que no ha cumplido el funcionario público contra quien se ha presentado el recurso. Una vez el tribunal entiende que el deber ministerial no ejecutado ha sido probado, aun así, el mandamus se puede denegar. Como podría ser,

entre otros, por factores como son la existencia de un impacto negativo al interés público superior al impacto positivo, si alguno, que producirá la concesión del auto o por la imposibilidad de cumplir con dicho deber ministerial. Lo cual quiere decir que, una vez la parte demandante prueba la existencia de un deber ministerial y que éste no se ha cumplido, le corresponde al funcionario sobre quien recae tal deber ministerial la carga probatoria de demostrar que la concesión del auto afectaría negativamente un interés público mayor o que simplemente se le hace imposible cumplir. *AMPR v Srio. Educación,* supra.

Ahora bien, previo a la presentación de un recurso de mandamus, la jurisprudencia requiere, como condición esencial, que el peticionario le haya hecho un requerimiento previo al demandado para que éste cumpla con el deber que se le exige, debiendo alegarse en la petición, tanto el requerimiento como la negativa, o la omisión del funcionario en darle curso. Sólo se exime de este requisito: 1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues hubiese sido denegado si se hubiera hecho; ó 2) cuando el deber que se pretende exigir es un de carácter público; a diferencia de uno de naturaleza particular que afecta solamente el derecho del peticionario. *Noriega v. Hernández Colón,* 135 DPR 406, 448-449 (1994). *AMPR v. Educación, ELA,* 178 DPR 253, 267 (2010).

La paz de nuestro sistema de gobierno radica en el balance de poderes que está estrechamente relacionado con que cada una de las ramas acepte y respete la autoridad de las otras y entienda la interrelación de sus funciones. *Dalmau Santiago v. Oronoz Rodríguez,* supra; *Silva v. Hernández Agosto,* 118 DPR 45, 57 (1986). Este principio de división de poderes garantiza la independencia de cada rama. *Díaz Carrasquillo v. García Padilla,* 191 DPR 97, 110 (2014). Se trata de un sistema de pesos y contrapesos que evita que las actuaciones de una rama causen detrimento a otra. Dalmau Santia pretende exigir es uno

de carácter público; a diferencia de uno de naturaleza particular que afecta solamente el derecho del peticionario". Noriega v. Hernández Colón, supra, págs. 448-449.

Al momento de considerar si procede o no conceder el *mandamus*, los tribunales tienen la obligación de analizar el impacto del recurso en los intereses públicos involucrados, la posible intromisión indebida en las gestiones de la Rama Ejecutiva y el efecto sobre los derechos de terceros. Véanse: *Kilómetro O, Inc., v. Pesquera López*, supra; *Romero, Valentín v. Cruz, CEE et al.*, supra, pág. 14, citando a *Noriega v. Hernández Colón*, supra, pág. 448. El factor de mayor importancia y peso es el del posible impacto al interés público. Noriega v. Hernández Colón, supra; *A.P.P.R. v. Tribunal Superior*, 103 DPR 903, 906 (1975); D. Rivé, *Recursos Extraordinarios*, Programa de Educación Legal Continuada de la Universidad Interamericana de Puerto Rico, Facultad de Derecho, 1989.

**SEPARACION DE PODERES**

La Constitución de Puerto Rico expresamente dispone el principio esencial de separación de poderes en nuestro sistema democrático de gobierno. Art. 1, Sec. 2, Const. PR, LPRA, Tomo 1. Este principio establece las responsabilidades y enmarca el ámbito de acción de las ramas constitucionales de gobierno para asegurar que ninguna de las tres ramas domine o interfiera indebidamente con la otra. *Dalmau Santiago v. Oronoz Rodríguez*, 208 DPR 115, 135 (2021); *Rodríguez Casillas et al. v. Colegio*, 202 DPR 428, 450 (2019). El principio de separación de poderes representa la expresión jurídica de la teoría de gobierno que pretende evitar la tiranía la concentración indebida del poder en una misma fuente mediante la distribución tripartita del poder estatal. *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 88 (1998); *Díaz Carrasquillo v. García Padilla*, supra.

La controversia ante nosotros como asunto de umbral requiere que analicemos si los funcionarios del ejecutivo están obligados a

presentar una denuncia o acusación a petición de un ciudadano o si conservan discreción para así hacerlo.

El Secretario de Justicia nombrado por el Gobernador según lo dispuesto en el Artículo IV, Sección 5 de la Constitución del Estado Libre Asociado de Puerto Rico, es el jefe del Departamento de Justicia y como tal, el principal funcionario de ley y orden del Estado Libre Asociado encargado de promover el cumplimiento y ejecución de la ley, conforme disponen las Secciones 5 y 6 del Artículo IV de la Constitución del Estado Libre Asociado. 3 LPRA sec. 292. El Secretario es el representante legal del Gobierno de Puerto Rico, de sus agencias y del Pueblo de Puerto Rico en las demandas y procesos civiles, criminales, administrativos y especiales en que sea parte y que sean instados en los tribunales u otros foros en o fuera de la jurisdicción de Puerto Rico. Ejercerá esta representación personalmente o por medio de los abogados, los fiscales y procuradores o por medio del Procurador General. 3 LPRA sec. 292a. Por otra parte, Los fiscales y procuradores tienen el deber de instar las causas criminales, civiles y especiales comprendidas dentro del marco de sus respectivas obligaciones y ejercer cabalmente aquellos otros deberes que le confiera la ley y le encomiende el Secretario. 3 LPRA sec. 294x.

En *Pueblo v. Colón Bonet,* 200 DPR 27 (2019), el Tribunal Supremo de Puerto Rico analiza las funciones del secretario de justicia y sus funcionarios ante una controversia jurisdiccional con el Panel sobre el Fiscal Especial Independiente (PFEI). Reconoce que, como norma general, la responsabilidad de investigar y procesar las causas criminales recae sobre el secretario del Departamento de Justicia y los fiscales adscritos a esa dependencia gubernamental del Poder Ejecutivo. Id., págs. 35–36.

Norma que ratificó en *Pueblo v. Muñoz Noya,* 204 DPR 745, 756 (2020), explicando que la excepción a la norma general se concretiza cuando se pretende investigar y posteriormente encausar a

funcionarios públicos que incurran en actividades delictivas, en cuyo caso el mecanismo correspondiente es el instaurado por la Ley del PFEI. Dicha excepción se amplió en *Pueblo v. Maldonado*, 212 DPR 872, 881-882 (2023) para extender la jurisdicción de los Fiscales Especiales del PFEI a casos en los que éstos únicamente presentan cargos criminales contra los individuos particulares cuya presunta conducta delictiva es descubierta como resultado de la investigación encomendada por PFEI.

Ahora bien, ha de quedar claro que como norma general, el Secretario de Justicia y los fiscales adscritos al Departamento de Justicia son los individuos que poseen la facultad y responsabilidad de investigar, acusar y procesar toda conducta constitutiva de delito. *Pueblo v. Colon Bonet, supra; Pueblo v. García Vega*, 186 DPR 592, 603 (2012). *Pueblo v. Rexach Benítez*, 130 DPR 273, 293 (1992). Véase, además, la Ley Orgánica del Departamento de Justicia, Ley 205-2004 (3 LPRA sec. 291 et *seq*.). Como paso previo a la acción penal se realiza una investigación que, usualmente, "está en manos del poder ejecutivo, *i.e.*, fiscales, policías y otros funcionarios auxiliares a éstos".

Esto obedece a que la razón de ser de la etapa investigativa es esclarecer el hecho delictivo, recoger evidencia pertinente, examinar testigos, identificar al sujeto sospechoso para así proceder con la presentación de los cargos. *Pueblo v. Colon Bonet*, supra; D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 9na ed. rev., San Juan, Ed. Instituto para el Desarrollo del Derecho, 2011, pág. 25. Una vez se concluye con este paso, la determinación de causa probable para arrestar da curso al proceso criminal ordinario. *Pueblo v. Colon Bonet, supra; Pueblo v. Pérez Rivera,* 186 DPR 845, 862 (2012).

V

Habiendo expuesto la normativa pertinente colegimos que no estamos ante un deber ministerial pues la radicación de una denuncia o la presentación de una acusación es un ejercicio discrecional

conforme la investigación y evaluación de los elementos del delito por las autoridades pertinentes, entiéndase la Policía de Puerto Rico y el Departamento de Justicia. La presentación de una denuncia o acusación no surge de la ley como un mandato específico que no admite ejercicio de discreción en su cumplimiento. Si bien, la ley autorizara la acción requerida, no la exige, sino que depende del ejercicio valorativo de los funcionarios envueltos. La ejecución de un acto que depende de la discreción o juicio del funcionario, no es un deber ministerial.

Podemos comprender la confusión que pueden crear los diversos conceptos de derecho que se discuten en esta sentencia que dan base a los reclamos de impunidad de la parte peticionaria, pero nuestro deber como foro judicial reside en velar por el cumplimiento de la Ley. La parte peticionaria no está huérfana de remedios, cuenta con la vía civil para reclamar los daños que alega ha sufrido a consecuencia de estos hechos así como la presentación de una queja ante el Tribunal Supremo de Puerto Rico contra el notario autorizante, de entenderlo pertinente, para adelantar su causa.

No podemos ignorar que conforme la naturaleza extraordinaria del recurso de *mandamus,* este remedio solo está disponible cuando el peticionario carece de un recurso adecuado y eficaz en el curso ordinario de la ley.

Aún si la parte peticionaria hubiese cumplido con la carga probatoria de demostrar que nos encontramos ante un deber ministerial este foro vendría obligado a denegar. Nuestra denegatoria se debe por el impacto de la intromisión en los deberes de una rama hermana de gobierno y en protección de la doctrina de separación de poderes. Consistiría en un impacto mortal al interés público si quien juzga si se cometió un delito; la rama judicial, ahora interviniera, *a priori,* al ordenar que se presente una acusación. Sencillamente perdería el foro judicial su imparcialidad para juzgar. No habría nada que juzgar, si el foro judicial interviniera en el procesamiento criminal

determinando a quien se le debe presentar cargos, todos serían culpables, pues hubiésemos prejuzgado.

La separación de poderes, por mandato constitucional sostiene la democracia. Nuestro respeto a las funciones de las ramas hermanas de gobierno y el ceñimiento estricto a nuestras funciones posibilitan la estabilidad social. Como adelantamos le toca al poder legislativo promulgar las leyes, al ejecutivo implementar y ejecutar las mismas y, al poder judicial velar por el cumplimiento de la Ley.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Candelaria Rosa concurre con la siguiente expresión: "Concurro con el resultado de la Sentencia por entender que la petición de mandamus objeto del recurso elude articular un deber ministerial susceptible de ordenar."

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones